UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re: DREIER LLP,                                          :

                                       Debtor.              :
-------------------------------------------------------------:

ALARMEX HOLDINGS, LLC,                                      :

                                       Appellant,           :

                     -v-                                    :

SHEILA M. GOWAN,                                            :
CHAPTER 11 TRUSTEE FOR DREIER LLP,                          :

                                       Appellee.            :
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/5/2014
```

14 Civ. 2353 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On August 6, 2014, the Court issued an Opinion, in which it vacated the bankruptcy

court's re-characterization of a claim asserted by appellant Alarmex Holdings LLC ("Alarmex")

on the Dreier LLP estate, and remanded the case to the bankruptcy court for further factual

development.  Dkt. 11 ("August 6, 2014 Opinion").  On September 3, 2014, Alarmex moved for

reconsideration.  Dkt. 13 ("Alarmex Motion").  For the reasons that follow, that motion is

denied.

I.    **Background**[1]

On March 27, 2009, Alarmex filed claim No. 393 (the "Alarmex claim") in the Chapter

11 bankruptcy case of Dreier LLP, a law firm based in New York City.  *See In re: Dreier LLP,*

_____

[1] This summary of the facts is drawn from the detailed account provided in the Court's August 6,
2014 Opinion.

No. 08–15051 (SMB).  In its claim, Alarmex asserted, *inter alia*, that it was the beneficial owner of $200,991.87 that had been placed in escrow with Dreier LLP, and that it should therefore be paid this amount on a secured basis ahead of other creditors.

Between 2004 and 2008, Marc S. Dreier ("Dreier"), the sole equity partner of Dreier LLP, ran a Ponzi scheme, selling fraudulent promissory notes to hedge funds and individual investors.  Virtually all of Dreier's fraud proceeds were deposited into a specific LLP attorney trust account held at JP Morgan Chase bearing the last four digits of "5966" (the "5966 account").  Dreier used this account to pay principal, interest, and fees to the investors in the Ponzi scheme, to "fund his lifestyle," and to subsidize his firm's operations.  He also deposited client funds into the same account.  Therefore, although the 5966 account was titled an "escrow" or "attorney trust" account, it is undisputed that Dreier commingled in that account operating revenues from his law firm, funds from his clients, and investments from his note-fraud victims.

On November 6, 2013, the Chapter 11 Trustee, Sheila M. Gowan ("Gowan" or the "Trustee"), objected to Alarmex's claim.  Dkt. 1712.  The Trustee asserted, *inter alia*, that she was unable to locate any segregated sub-account designated as having belonged to Alarmex or CJ Apparel within the accounts held by Dreier and/or Dreier LLP in JP Morgan Chase.  The Trustee concluded, on that basis, that the funds at issue must have been deposited into the 5966 account.  On January 16, 2014, Alarmex filed an opposition to the Trustee's Objection.

On February 14, 2014, the United States Bankruptcy Court for the Southern District of New York (Bernstein, J.), issued an Order, in which, for the "reasons stated on the record," it "recharacterized" the Alarmex claim as a "general unsecured claim."  Dkt. 1852 ("Order").  However, the record left unclear what, if any, facts the bankruptcy court found.  On April 3, 2014, Alarmex appealed to this Court on two grounds:  First, because the funds at issue were

supposed to be held in escrow by Dreier, Alarmex asserted that it was entitled to a secured, priority claim, pursuant to 11 U.S.C. § 506(a)(1).  Alternatively, Alarmex asserted that the bankruptcy court should have imposed a constructive trust for Alarmex's benefit.

On August 6, 2014, the Court vacated the bankruptcy court's February 14, 2014 Order and remanded the case for further factual development.  The Court rejected Alarmex's first argument—that it was entitled to a secured, priority claim—but held that the facts in the record were insufficient to determine whether Alarmex was entitled to a constructive trust and, alternatively, whether Alarmex was entitled to be treated as a unsecured creditor.  On September 3, 2014, Alarmex moved for reconsideration.

## II.     Discussion

### A.     Legal Standard

The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010) ("The threshold for prevailing on a motion for reconsideration is high.").  Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made."  *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple.").  District

courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

Litigants are generally barred from introducing new facts in a motion to reconsider. *See Polsby v. St. Martin's Press*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted) (Under Local Rule 603, "a party may not advance new facts, issues, or arguments, not previously presented to the Court.").  A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *De Los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998).  The purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

### B.    Analysis

Alarmex seeks reconsideration of "those portions" of the Court's August 6, 2014 Opinion that purportedly "held" that:

> (1) Alarmex is required, on remand, to trace its funds to a particular account or sub-account within the bankruptcy estate in order to obtain a constructive trust for its benefit; and

> (2) if Alarmex does not prevail on its claim for an express or constructive trust, it may not receive a general, unsecured claim on the estate.

*See* Alarmex Motion at 1.  For the following reasons, neither of Alarmex's arguments justifies reconsideration of the Court's decision.

As to the first argument, the standard for reconsideration is clearly not met, because Alarmex merely rehashes arguments it previously made to the Court.  Alarmex asserts that, because its funds were "true" escrow funds, it should be able to recover those funds on a priority basis, even if the funds are no longer in the estate's possession.  Put differently, Alarmex asserts that it should be able to recover its funds 100 cents on the dollar—to the detriment of all other claimant to the bankruptcy estate—even if those specific funds were already disbursed or forfeited.  The Court rejected that argument previously, and it rejects it now.  *See Cassirer v. Herskowitz (In re Schick)*, 234 B.R. 337, 345 (Bankr. S.D.N.Y. 1999) ("New York law does not grant a trust creditor a preference over general creditors merely because he is a trust creditor; he must follow and identify his funds."); *id.* at 342–43 ("The same tracing requirement applies under federal bankruptcy law.").  For the reasons more fully articulated in the Court's August 6, 2014 Opinion, Alarmex may only receive the benefit of a constructive trust if Alarmex can either identify its funds that were held in a segregated sub-account, or if it can specifically trace its funds to an account within the estate.

Because Alarmex fails to identify any controlling decisions or data that the Court's previous Opinion overlooked, Alarmex's first claim for reconsideration is denied.  *See Shrader*, 70 F.3d at 257 (motions for reconsideration are generally denied where the moving party cannot "point to controlling decisions or data that the court overlooked"); *Associated Press*, 395 F. Supp. 2d at 19 (motion to reconsider is not an appropriate context for a party to repeat or rehash previously rejected arguments).  The Court wishes to emphasize that this decision does not deny, or grant, ultimate relief to Alarmex.  Instead, it articulates the governing legal principles, and leaves it to the bankruptcy court to make the requisite factual determinations to which it will then apply those principles.  On remand, the Court expects the Trustee, and Alarmex, to assure

that all relevant and accessible evidence is put before the bankruptcy court to assist it in making that determination.

Alarmex's second basis for seeking reconsideration rests on a misreading of the Court's August 6, 2014 Opinion.  Contrary to Alarmex's understanding, the Court *did not* hold that Alarmex "may not . . . be considered a general unsecured creditor of the Debtor."  Alarmex Motion at 1.  The Court merely noted that, if Alarmex's funds were deposited in the 5966 account—which was previously forfeited to the Government—then "a *substantial argument* would . . . exist that Alarmex's claim is not properly made before the bankruptcy court at all." August 6, 2014 Opinion at 17 (emphasis added).  The Court went on to note that, if this were so, "nothing in [the Court's] decision bars [the bankruptcy court] from dismissing Alarmex's claims, on the grounds that they are properly made in a forum other than bankruptcy court."  *Id.*  The Court clearly contemplated that the bankruptcy court would, on remand, be charged with deciding, in the first instance, whether Alarmex is entitled to a constructive trust on the bankruptcy estate, an unsecured claim on that estate, or no claim at all.  The Court has not foreclosed Alarmex from arguing to the bankruptcy court that it is entitled to an unsecured claim, should it fail to obtain a constructive trust.  There is therefore no adverse decision for the Court to reconsider.  Accordingly, Alarmex's second claim for reconsideration is also denied.

## CONCLUSION

For the foregoing reasons, Alarmex's motion for reconsideration is denied in its entirety. The Clerk of Court is directed to terminate all pending motions.

The Court also directs that this bankruptcy appeal be closed (as opposed to being placed on the Court's suspense docket, as previously ordered).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 5, 2014
       New York, New York